UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARRY LONG,<br><br>              Plaintiff,<br>v.<br><br>MEGASEATS, LLC,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND WASHINGTON LAW AGAINST DISCRIMINATION** |

## I.   INTRODUCTION

1.1   Plaintiff Barry Long is an individual with a disability. He uses a manual wheelchair for mobility and requires designated accessible seating at entertainment venues to fully and equally enjoy live events like anyone else. This means that when buying tickets through online secondary ticket markets, Mr. Long requires filters that show only accessible seats available for purchase.

1.2   These filters are required under the Americans with Disabilities Act ("ADA"), and the ADA's implementing regulations apply to operators of secondary ticket markets, including the Defendant in this action, MegaSeats, Inc. ("MegaSeats").

1.3     These regulations have been in effect since 2011. These regulations are part of the ADA's broad obligation to guarantee "full and equal enjoyment" of places of public accommodation. This obligation has existed for over thirty-five years. The requirements under the ADA and its implementing regulations apply to MegaSeats. Yet Mr. Long has encountered accessibility barriers just recently on the online secondary ticket market owned or operated by MegaSeats.

1.4     The ADA aims to eliminate longstanding discrimination against people with disabilities.[1] This goal includes implementing technical requirements to eliminate barriers that prevent people with disabilities from the full and equal benefits of the goods, services, or other benefits provided by places of public accommodation.[2]

1.5     Mr. Long experienced discrimination based on disability, in violation of the ADA and the Washington Law Against Discrimination (WLAD), due to noncompliance with the ADA and its accompanying regulations in an online secondary ticket market. Mr. Long brings this action against MegaSeats for violations of these laws.

## II.     JURISDICTION AND VENUE

2.1     This action arises under the laws of the United States and is brought pursuant to 28 U.S.C. § 12132. Jurisdiction is conferred upon this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343(a)(3)-(4).

---

[1] See 42 U.S.C. § 12101(b)(1) (purposing the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities").
[2] See 42 U.S.C. § 12101(b)(2) (intending the ADA "to [also] provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities").

2.2     The Court also has supplemental jurisdiction over Mr. Long's state law claims pursuant to Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

2.3     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all events giving rise to the claims occurred in King County, Washington.

### III.    PARTIES

3.1     Barry Long is the Plaintiff in this action. At all times relevant to this action, Mr. Long has been a resident of King County, Washington, a county located in this judicial district.

3.2     Mr. Long is a qualified individual with a disability as defined by the ADA and WLAD.

3.3     Mr. Long is "substantially limited" in his ability to walk and other "major life activities" included in the ADA.[3] Thus, he is an individual with a disability under the ADA. Therefore, the ADA protects Mr. Long and other similarly situated individuals from disability-based discrimination.

3.4     Mr. Long enjoys attending live entertainment events in the Seattle area, including but not limited to home games of sports teams such as the Seattle Mariners, Seattle Sounders FC, and Seattle Kraken, as well as live music performances. At the same time, because of his disability, Mr. Long only requires tickets for accessible seats. He relies on a filter to view only the accessible seats available for purchase on secondary ticket markets, including the one owned or operated by Defendant MegaSeats.

---

[3] 42 U.S.C. § 12102(2)(A). Major life activities also include major bodily functions. Id. § 12102(2)(B).

3.5     Defendant MegaSeats is a Connecticut corporation that does business in this judicial district. MegaSeats owns or operates the URL https://www.megaseats.com (hereinafter "Website"), which sells tickets for live entertainment events to the public in and around Seattle, Washington and other cities across the United States.

## IV.     FACTS

4.1     Mr. Long incorporates by reference the prior paragraphs herein.

**Background: The Americans with Disabilities Act (ADA) and Applicable Laws to Ensure Full and Equal Access for Individuals with Disabilities**

4.2     The ADA mandates that no one with a disability "shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[4]

4.3     Congress passed and enacted the ADA in 1990, after Congress found that individuals with disabilities have historically faced discrimination in society.[5] Congress statutorily declared this form of discrimination as a "serious and pervasive social problem."[6]

4.4     Congress also acknowledged explicitly that discrimination has "persist[ed]" in "critical areas," such as places of exhibition, which count as places of public accommodation that are subject to the ADA's requirements.[7]

4.5     In the Ninth Circuit, "places of public accommodation" include online storefronts that connect the public to the goods or services of a physical place of public accommodation.[8]

---

[4] 42 U.S.C. § 12182(a).
[5] 42 U.S.C. § 12101(a)(2).
[6] Id.
[7] 42 U.S.C. § 12101(a)(3).
[8] See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905–06 (9th Cir. 2019) ("[T]he ADA applies to Domino's website and app, which connect customers to the to the goods and services of Domino's physical restaurants."); id. (citing Domino's Pizza's website and app as a "nexus" with Domino's Pizza's brick-and-mortar restaurants from

4.6     Overall, Congress sought via the ADA to "clear[ly] and comprehensive[ly]" eradicate discrimination against people with disabilities, "provid[ing] clear, strong, consistent, enforceable standards" to eliminate this kind of discrimination.[9]

4.7     Further, in 2011, the U.S. Department of Justice published standards and regulations on secondary ticket markets. Among other regulations, operators of these online ticket markets must ensure that their interfaces include the same information, visuals, and text for designated accessible seats as for non-accessible seats at live entertainment events.[10]

4.8     As owner or operator of a secondary ticket market, MegaSeats is responsible for fully complying with the ADA and the applicable regulations from the U.S. Department of Justice. However, MegaSeats has failed to meet this obligation. The next sections describe how MegaSeats discriminated against Mr. Long as an individual with a disability.

### Accessibility Violations

4.9     In mid-September 2025, Mr. Long visited the Website to see available seats for events in the Seattle area.

4.10    One of these events is a Seattle Kraken home game on January 19, 2026.

4.11    This Kraken game is currently scheduled to occur at Climate Pledge Arena in Seattle, Washington, a place of exhibition or entertainment under the ADA.[11]

---

which food and drink originate); id. (determining that a "nexus" between a website or app and a physical restaurant as "critical to our analysis" in whether a website is a place of public accommodation and subject to the anti-discrimination mandates under the ADA).

[9] 42 U.S.C. § 12101(b)(1)–(2).

[10] See ADA Requirements: Ticket Sales, U.S. Dept. Just, Civ. Rts. Div., https://www.ada.gov/resources/ticket-sales/, (last visited Oct. 7, 2025) ("Venues are required to sell tickets for accessible seats in the same manner and under the same conditions as all other ticket sales.").

[11] See 42 U.S.C. § 12181(7)(C).

4.11    Below is a screenshot of the interface from the Website when Mr. Long tried to purchase tickets on MegaSeats:[12]



4.12    Under the ADA and its implementing regulations, MegaSeats must have a working filter or other feature to show only the accessible seats available for this event.[13]

4.13    Here, MegaSeats fails to provide any filters or features to show only the accessible seats available, thus violating the ADA and the U.S. Justice Department's mandate to ensure that accessible seats are available in the same manner as non-accessible seats.

---

[12] Last visited on or around Sept. 22, 2025. The live link to purchase tickets for this event through MegaSeats may be found at this URL: https://www.megaseats.com/tickets/seattle-kraken-vs-pittsburgh-penguins-climate-pledge-arena-seattle-wa-mon-jan-19-7274167
[13] See ADA Requirements: Ticket Sales, supra.

Complaint for Declaratory and Injunctive
Relief - 6

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.14 Mr. Long also experienced accessibility barriers on MegaSeats's website for other live events. Below is a screenshot of the interface from the Website when Mr. Long tried to purchase tickets for a Seattle Mariners home game on March 26, 2026:[14]



4.15 This event is scheduled to take place at T-Mobile Park, a place of exhibition or entertainment under the ADA.[15]

4.15 As stated previously, under the ADA and its implementing regulations, MegaSeats must provide a working filter or other features that enable the public to view only the accessible seats available.[16]

---

[14] Last visited on or around Sept. 22, 2025. The live link to purchase tickets for this event through MegaSeats may be found at this URL: https://www.megaseats.com/tickets/seattle-mariners-vs-cleveland-guardians-home-opener-t-mobile-park-seattle-wa-thu-mar-26-7368326
[15] See 42 U.S.C. § 12181(7)(C).
[16] See ADA Requirements: Ticket Sales, supra.

Complaint for Declaratory and Injunctive Relief - 7

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.16   As with the Seattle Kraken event described above, MegaSeats fails to provide any filters or features to view only the accessible seats available.

4.17   The ADA does not require any advanced notice of violations before initiating a lawsuit. However, on or around September 26, 2025, Conrad Reynoldson, counsel for Mr. Long, mailed a demand letter to MegaSeats to report MegaSeats's failure to comply with the ADA; this letter requested a meeting to discuss the possibility of early settlement and resolution of this matter without resorting to a lawsuit.

4.18   The demand letter requested that MegaSeats reply no later than October 6, 2025.

4.19   To date, MegaSeats has yet to reply to the demand letter.

4.20   With no other options left to fully enforce his rights under the ADA, Mr. Long files this Complaint.

### V.   CAUSES OF ACTION

**Count I: Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a)**

5.1   Mr. Long incorporates by reference the prior paragraphs herein.

5.2   At all times relevant to this action, Mr. Long has been and still is a qualified individual with a disability as defined under the ADA.

5.3   Mr. Long's disability "substantially limits" the major life activities of walking and standing.[17]

5.4   Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[17] 42 U.S.C. § 12102(2)(A).

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[18]

5.5 An entity discriminates against people with disabilities when the entity fails "to take such steps . . . necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."[19]

5.6 This obligation applies to secondary ticket markets.[20]

5.7 Here, MegaSeats owns or operates a secondary ticket market open to the public. Thus, MegaSeats is subject to the obligations under Title III of the ADA and its implementing regulations.

5.8 By failing to fulfill obligations under ADA Title III, MegaSeats has discriminated against Mr. Long based on his disability, directly violating the ADA.

5.9 MegaSeats discriminated, and continues to discriminate, on the basis of disability by:

    a. Providing goods, services, facilities, privileges, advantages, or accommodations that are not equal to those afforded to individuals without disabilities; and

    b. Failing to reasonably modify policies, practices, or procedures as necessary to or accommodations to individuals with disabilities.

5.10 To date, MegaSeats has failed to remediate the aforementioned barrier that violates the ADA and its implementing regulations. This failure will foreseeably abridge Mr. Long's rights and the rights of others similarly situated to "full and equal enjoyment" of events in the future.

---

[18] 42 U.S.C. § 12182(a).
[19] 42 U.S.C. § 12182(b)(2)(A)(iii).
[20] See ADA Requirements: Ticket Sales, supra.

Complaint for Declaratory and Injunctive Relief - 9

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Without declaratory and injunctive relief, MegaSeats will continue to discriminate against Mr. Long as alleged in this Complaint.

5.11    Mr. Long is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees. 42 U.S.C. § 12188; 42 U.S.C. § 12205.

**Count II: Washington Law Against Discrimination, Revised Code of Washington § 49.60.030(1)(b)**

5.12    Mr. Long incorporates by reference each of the prior paragraphs herein.

5.13    Mr. Long has a disability as defined under the WLAD.[21]

5.14    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right. This right shall include but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement."

5.15    Individuals may show a prima facie case of disability-based discrimination in places of public accommodation by showing all four of these factors:

  a. The plaintiff has a disability;
  b. The defendant's place of business is a place of public accommodation;
  c. The defendant treated the plaintiff non-comparably to others without disabilities; and
  d. The plaintiff's disability was a substantial factor that caused the discrimination.[22]

5.16    Here, Mr. Long has a disability.

---

[21] See Wash. Rev. Code § 49.60.040(7).
[22] Wash. State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wash. App. 174, 186–87 (Wash. Ct. App. 2013).

5.17   Defendant MegaSeats's place of business is a place of public accommodation, because it serves as a "nexus" for entry into physical live entertainment venues that provide a service or privilege.[23]

5.18   Further, venues like Climate Pledge Arena and T-Mobile Park are "place[s] of public resort, accommodation, assemblage, or amusement" within the meaning of WLAD.[24]

5.19   Defendant MegaSeats has treated Mr. Long in a way that does not compare with the treatment that MegaSeats provides to individuals without disabilities, because MegaSeats fails to ensure that Mr. Long—and others with disabilities who also need accessible seats—can purchase seats for sporting and other live entertainment events online like someone without disabilities.

5.20   A substantial factor in the discrimination that Mr. Long alleges is from having a disability that necessitates using accessible facilities and relying on these facilities to be accessible and fully compliant with the ADA and its implementing regulations.

5.21   Incorporating his stated allegations, Mr. Long contends that MegaSeats denies Mr. Long the right to "full and equal enjoyment" of using MegaSeats's online services to purchase tickets to live events and fully and equally accessing venues that host these events.[25]

---

[23] See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905–06 (9th Cir. 2019) ("[T]he ADA applies to Domino's website and app, which connect customers to the to the goods and services of Domino's physical restaurants."); id. (citing Domino's Pizza's website and app as a "nexus" with Domino's Pizza's brick-and-mortar restaurants from which food and drink originate); id. (determining that a "nexus" between a website or app and a physical restaurant as "critical to our analysis" in whether a website is a place of public accommodation and subject to the anti-discrimination mandates under the ADA).

[24] Id. § 49.60.040(2).

[25] WASH. REV. CODE § 49.60.030(1)(b) (declaring that "[t]he right be free from discrimination because of . . . disability" is a civil right, including "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement").

Complaint for Declaratory and Injunctive Relief - 11

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

5.22    On these grounds, Mr. Long alleges that MegaSeats has discriminated against and will continue to discriminate against Mr. Long based on disability, thereby continuing to violate WLAD and the ADA.

5.23    Mr. Long has a clear legal right to access places of public accommodation, including online services such as MegaSeats. When a defendant violates a plaintiff's legal rights, and the plaintiff experiences injury as a result, courts may appropriately grant declaratory and injunctive relief for a plaintiff.[26]

5.24    Mr. Long's request for injunctive relief is prospective. His request also intends to protect his rights and the rights of others similarly situated, who also want to purchase tickets to live entertainment events through the same methods of distribution currently enjoyed by those without disabilities.

5.25    Mr. Long is entitled to declaratory and injunctive relief and to recover reasonable attorneys' fees and costs incurred in bringing this action against MegaSeats, pursuant to RCW § 49.60.030(2).

## VI.    PRAYER FOR RELIEF

WHEREFORE, Mr. Long prays for the following relief:

6.1    That this Court assumes jurisdiction;

6.2    A declaration that MegaSeats's actions and inactions violated Mr. Long's civil rights under the ADA and WLAD;

---

[26] See, e.g., Washington State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wash. App. 174, 211–12 (2013).

1        6.3     That this Court issue declaratory and injunctive relief ordering MegaSeats to bring the Website into compliance with, and to operate the Website in compliance with, the ADA, pursuant to 42 U.S.C. § 12205, and the WLAD;

      6.4     Judgment against MegaSeats for compensatory damages in an amount to be proven at trial;

      6.5     That this Court award reasonable attorneys' fees and costs to Mr. Long, pursuant to 42 U.S.C. § 12205, and RCW 49.60.030(2);

      6.6     That this Court awards such additional or alternative relief as may be just, proper, and equitable; and

      6.7     The right to conform the pleadings to the evidence presented.

RESPECTFULLY SUBMITTED this 17th day of October, 2025.

WASHINGTON CIVIL & DISABILITY ADVOCATE

/s/ *Conrad Reynoldson*  
Conrad Reynoldson, WSBA #48187  
4115 Roosevelt Way NE, Suite B  
Seattle, WA 98105  
(206) 876-8515  
conrad@wacda.com

/s/ *Dustine Bowker*  
Dustine Bowker, WSBA #63263  
4115 Roosevelt Way NE, Suite B  
Seattle, WA 98105  
(206) 428-3172  
dustine@wacda.com

*Attorneys for Plaintiff*